**GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL**
*A Professional Corporation*
660 New Road, Suite No. 1-A
Northfield, New Jersey 08225
(609) 646-0222   FAX (609) 646-0887
Attorneys for 360 Capital, LLC (63773-2)

*BY:*   /s/ Keith A. Bonchi
      *KEITH A. BONCHI, ESQ. (KAB3664)*

---

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **EDWARD J. HOVATTER** and **KIMBERLY MACALUSO HOVATTER** | CASE NO. 19-31483 |
| *Debtor* | JUDGE: Andrew B. Altenburg, Jr. |

### CERTIFICATION OF JOHN COSTELLO

JOHN COSTELLO hereby certifies:

1.    I am the Managing Member of 360 Capital, LLC, a secured creditor in the bankruptcy. I am fully familiar with this matter and submit this certification in partial opposition to the Motion to Sell the Hammonton Property Free and Clear of All Liens.

2.    360 Capital, LLC is the holder of a second mortgage on the real estate to be sold in Hammonton. Attached hereto is a copy of the Proof of Claim filed in this matter.

3.    First, 360 Capital, LLC is in full support of selling the property to the Buyer. The objection that 360 Capital, LLC has relates to specific issues that relate to priority, and secondly as to why the money to payoff its mortgage must be held in escrow.

4.    If 360 Capital, LLC has its mortgage in full at closing, it would negate any of the

objections in this matter. However, if its mortgage is not to be paid in full at closing, then it does have objections.

5. First, the Debtors indicate that they have completed renovations of the property and incurred an administrative expense in the amount of $14,991.24 which is to be paid at closing ahead of 360 Capital's second mortgage. . This alleged administrative expense is referenced on page 2 of the Memorandum of Law in the amount of $14,991.24 and is to be paid ahead of the secured claim of 360 Capital, LLC.

6. I was personally at the property in February and March of 2019 when the Debtor Ed Hovatter convinced me to loan him the $50,000.00. This bankruptcy was not filed until November 14, 2019. Based on the amount of work that was done when I was at the property, it is clear that this work would have been completed long before the bankruptcy. Therefore, I dispute that Cedar Design LLC is an administrative claim, but rather a pre-petition unsecured claim. 360 Capital, LLC disputes that Cedar Design should be paid ahead of its claim. There is nothing in the record to support this claim.

7. In addition to the above, it is my understanding that the Debtor is supposed to pay post-petition taxes. My review of the motion seems to indicate that the post-petition taxes are to be paid out of the proceeds of closing. Therefore, the Debtor is attempting to evade its obligation to pay post-petition taxes by having same paid at closing from the proceeds , thereby endangering the second mortgagee of having sufficient money to pay its second mortgage.

8. I have done some quick math in this matter and there appears to only be an equity cushion of $5,000.00-$6,000.00 in the property. If the first mortgage is not paid off from the proceeds of closing, it will continue to accrue interest while we wait for the Plan to be confirmed, thereby endangering 360 Capital, LLC from being paid in full on its second mortgage. . It makes

no sense to place the monies in escrow to pay off the first and second mortgages, since both will continue to accrue interest and will also jeopardize the second mortgage from being paid in full. Therefore, if the court requires that the first and second mortgages be paid at closing, it will eliminate the objection in this matter.

9. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
JOHN COSTELLO

DATED: April 22, 2020