

**Order Filed on April 28, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* |
| **Edmond M. George, Esquire** |
| **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** |
| **1120 Route 73, Suite 420** |
| **Mount Laurel, NJ 08054-5108** |
| **(856) 795-3300** |
| *Counsel to the Debtors* |

| | |
|---|---|
| In re: | Case No. 19-31483-ABA |
| EDWARD J. HOVATTER and KIMBERLY MACALUSO HOVATTER, | Chapter 11 |
| | Judge: Andrew B. Altenburg |
| Debtors. | |

**ORDER AUTHORIZING PRIVATE SALE OF RESIDENTIAL REAL PROPERTY, 414 14TH ST., HAMMONTON, NJ  08037, FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND OTHER CLAIMS OR INTERESTS AND TRANSFERRING SUCH CLAIMS TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. §§ 363, 365, FOR WAIVER OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h), AND FOR RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through eight (8) is

**ORDERED**.

**DATED: April 28, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Upon the Motion filed by the Debtors' authorization to sell the residential real property commonly known as 414 14th St., Hammonton, NJ 08037 (the "Real Property") pursuant to 11 U.S.C. §§ 105, 363, and other applicable sections of the United States Code and pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure free and clear of all liens, claims, encumbrances and other claims of interest and attaching such liens, claims, encumbrances and other claims of interest to the proceeds of sale pursuant to 11 U.S.C. §§ 363, 365, for waiver of Federal Rule of Bankruptcy Procedures 6004(h), and for related relief (the "Motion"); and upon consideration of the pleadings filed with the Court and any evidence presented in support of the Motion, the Court having noted the appearances of parties-in-interest on the record at the hearing on the Motion, and objections, if any, to the Motion having been either withdrawn or overruled; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estate, and their creditors; and this Court being satisfied that due notice of the Motion and of the Sale has been provided by the Debtors pursuant to 11 U.S.C. §363, and Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004(a) and (c) and this Court's Order Shortening Time Period for Notice and Setting Hearing; and this Court being satisfied that cause exists for Waiver of Federal Rules of Bankruptcy Procedure 6004(h); and the Court having found that the purchase price is a full and fair offer for the Property, and that adequate evidence of the efforts to sell having been provided, and the Court having found that the Purchasers are *bona fide* good faith purchasers, for value, and that the sale is necessary to allow the Debtors to effectuate a Plan of Reorganization, and make further payments to creditors, and this Court being further satisfied that the sale of the Property is in the best interest of the Debtors' bankruptcy estate; and after due deliberation, it is hereby ORDERED as follows:

    **1.**    **Motion.** The Motion shall be, and hereby is, GRANTED in its entirety. Any

objections to the relief sought in the Motion that is granted in this Order that have not been previously resolved or withdrawn are hereby overruled on their merits.

2. **Asset to be Sold.** The Property to be sold is 414 14th St., Hammonton, NJ 08037 as set forth more fully in the Agreement of Sale attached to the Motion as Exhibit "A" and incorporated herein.

3. **Debtors.** The Debtors are authorized to sell the Property in accordance with and pursuant to 11 U.S.C. § 363 of the Bankruptcy Code, and the Agreement of Sale ("Agreement"), which Agreement is hereby approved.

4. **Sale Free and Clear of Liens and Claims.** The Property shall be sold pursuant to, and to the fullest extent as permitted by 11 U.S.C. § 363(f) and all other applicable laws, and transferred to Purchasers, free and clear of any and all liens, security interests, encumbrances and claims, filed or unfiled, with all protections afforded by 11 U.S.C. § 363(m).

5. **Payment of Proceeds at Closing.** At the time of closing the proceeds of the sale of the Property shall be paid as follows:

    a. To costs attendant with closing on the sale of the Property;

    b. To the Township of Hammonton to satisfy all outstanding tax claims;

    c. To Republic Bank in the amount of $238,233.81, representing the amount due on May 29, 2020, or such lesser amount as necessary if closing occurs before May 29, 2020. Republic Bank may apply the payment immediately in full satisfaction of the debt. Republic Bank acknowledges that this payment is necessary for the Debtors' reorganization pursuant to the Plan.

    d. To 360 Capital in the amount of $56,000.00, which 360 Capital shall hold in escrow until the Effective Date of the Plan or June 30, 2020, whichever

        occurs first. If 360 Capital holds proceeds in excess of the amount needed to satisfy its debt in full on the date it is permitted to apply the escrowed funds, 360 Capital shall return the excess proceeds to the Debtors, who shall distribute them pursuant to the Plan.

    e.    The remaining proceeds will be held in escrow by the title company. The title company shall distribute these proceeds to the Debtor upon the effective date of the Plan, at which point the Debtor who shall distribute them pursuant to the Plan. If the Debtors' bankruptcy is dismissed, the title company shall distribute the proceeds to the Debtors.

**6.** Based upon the record of these proceedings, any stipulations, the offers of proof and the evidence presented on the day of the hearing on the Motion, this Court makes the following factual findings:

    **A.**    **Jurisdiction and Venue**. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

    **B.**    **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a), 363, 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006.

    **C.**    **Notice**. As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Hearing and the transactions set forth in the Agreement has been provided in accordance with 11 U.S.C. §§ 105(a), 363 and 365,

Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 and this Court's Order Shortening Time Period for Notice and Scheduling Hearing; (ii) such notice was and is good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Hearing or the Sale, is or shall be required.

**D.    Opportunity to Object**. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the Office of the United States Trustee for the District of New Jersey; (b) Republic Bank; (c) 360 Capital LLC; (d) Town of Hammonton; (e) the Purchasers; (f) the Debtors' secured creditors; (g) the New Jersey Division of Taxation; (h) all creditors listed in the Debtors' Schedules; and (i) those parties requesting notice under Bankruptcy Rule 2002.

**E.    Authority**. (i) The Debtors have full power and authority to execute the Agreement and all other documents contemplated thereby and (ii) no other authority, other than those expressly provided for in the Agreement, are required for the Debtors to consummate the Sale.

**F.    Sale in Best Interest of the Debtors**. Good and sufficient reasons for approval of the Agreement have been articulated, and the relief requested in the Motion is in the best interest of the Debtors, their estate, the creditors and other parties in interest.

**G.    Business Justification**. The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the approval of the Sale other than in the ordinary course of business under 11 U.S.C. § 363(b) and is the basis for the Debtors' Plan of Reorganization (the "Plan") in that, among other things, the immediate consummation of the Sale with the Purchaser is necessary and

appropriate to maximize the value of the Debtors' estate, and permit the Debtors to reorganize. Entry of an order approving the Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser consummating the transactions set forth in the Agreement.

**H.  No Sub Rosa Plans**. The consummation of the Sale pursuant to the Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of the Plan ultimately confirmed by the Court.

**I.  Arm's-Length Sale**. The Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.

**J.  Highest and Best Offer**. The Debtors' determination that the Agreement constitutes the highest and best offer for the Property and is a valid and sound exercise of its fiduciary duty and constitutes a valid and sound exercise of the Debtors' business judgment.

**K.  Fair and Reasonable Consideration**. The consideration given by the Purchasers in exchange for the Property is fair and reasonable under the circumstances of the Debtors' chapter 11 case. Approval of the Motion and the Agreement and the consummation of the Sale is in the best interest of the Debtors, creditors, estate and all other parties in interest.

**L.  Purchase Price**. The Purchase Price shall be paid by the Purchasers to the Debtors in cash or by wire transfer at the Closing.

**M.  Free and Clear**. The Debtors are the sole and lawful owner of the Property. The transfer of the Property to the Purchasers under the Agreement will be a legal, valid,

and effective transfer of the Property , and vests or will vest the Purchasers with all right, title, and interest of the Debtors to the Property free and clear of all Liens, Claims, encumbrances, interests, obligations, liabilities, contractual commitments or interests of any kind or nature whatsoever, including any sale or bulk transfer tax (collectively, the "Interests").  For avoidance of doubt, all Interests other than the liabilities assumed by the Purchasers shall attach to the cash proceeds received by the Debtors ultimately attributable to the Property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or the proceeds, if any, subject to any rights, claims and defenses the Debtors or its estate, as applicable, may possess with respect thereto.  The Debtors may sell the Property free and clear of any Interests of any kind or nature whatsoever because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  Each entity with an Interest in the Property to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of 11 U.S.C. § 363(f).  Those holders of Interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to 11 U.S.C. § 363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the cash proceeds received by the Debtors that are ultimately attributable to the Property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or the proceeds, if any, subject to any rights,

claims and defenses the Debtors or their estate, as applicable, may possess with respect thereto.

**N.** **Not a Successor**. Purchasers (a) are not a successor to the Debtors, (b) has not, de facto or otherwise, merged with or into the Debtors, (c) are not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and (d) is not holding themselves out to the public as a continuation of the Debtors.

**O.** **Prompt Consummation**. The Sale must be approved and consummated promptly in order to maximize the value of the Debtors' estate. Time is of the essence in consummating the Sale.

7.  The Debtors shall serve this Order on the United States Attorney, the United States Attorney General, and the Office of the Attorney General of New Jersey and file a certificate of service of same. These government units shall have ten (10) days from the date of service to object; absent any objection this Order shall become final as to these government units.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

9.  **Stay**. The stay of this Order granting the Motion under Bankruptcy Rule 6004(h) is waived for cause.

OMC\4815-8775-9803.v1-4/27/20